UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| JASON THOMES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No.  1:16-cv-4102 |
| | ) |
| ACCESS RECEIVABLES MANAGEMENT, INC., | ) |
| | ) |
|     Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, JASON THOMES ("Plaintiff"), through his attorneys, The Law Firm of Michael Alan Siddons, Esquire, alleges the following against Defendant, ACCESS RECEIVABLES MANAGEMENT, INC., ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Newark, New Castle County, Delaware.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a national collection agency headquartered in Hunt Valley, Baltimore County, Maryland.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. When an unpaid, outstanding account is placed with Defendant it is assigned an account number.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect a consumer debt from Plaintiff on behalf of the original creditor, Widener University, for an alleged student loan debt—which Plaintiff does not owe.

18. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

19. On December 31, 2015, Defendant began communicating with Plaintiff regarding the alleged debt.

20. On December 31, 2015, Defendant began to place calls to Plaintiff's cellular telephone number, ending in 8298, in an attempt to collect the alleged debt owed.

21. On December 31, 2015, Plaintiff answered a call from Defendant and spoke to one of Defendant's collectors.

22. During the aforementioned conversation, Plaintiff told Defendant that he did not owe the debt, disputed the debt's validity, and requested for the Defendant to send him documents validating the alleged debt owed.  Defendant responded erroneously that Plaintiff must dispute the validity of the debt in writing.

23. After speaking to Plaintiff on December 31, 2015, despite already having contacted the Plaintiff, Defendant then placed at least three (3) calls to Plaintiff's father's telephone number, ending in 1442, in continued attempts to collect the alleged debt.

24. Defendant places calls to Plaintiff and Plaintiff's father from 443-578-4469, which is one of Defendant's telephone numbers.

25. On or about January 12, 2016, Plaintiff received a letter from Defendant regarding the alleged debt owed.

26. The aforementioned letter was dated January 6, 2016 by the Defendant.

27. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

28. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

## COUNT I:
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

29. Defendant violated the FDCPA based on, but not limited to, the following:

   a. Defendant violated § 1692b(3) of the FDCPA by calling Plaintiff's father at least three (3) times and leaving at least two (2) voicemail messages despite already having already located and spoken to Plaintiff;

   b. Defendant violated § 1692c(b) of the FDCPA by communicating with any person other than the consumer without prior consent of the consumer given directly to Defendant, when Defendant called Plaintiff's father multiple times after having already located and spoken to Plaintiff;

   c. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant placed multiple collection calls to Plaintiff's father after Plaintiff had spoken to Defendant, Plaintiff had already disputed the validity of the debt, and requested that Defendant send written verification of the debt;

   d. Defendant violated § 1692g(a) of the FDCPA by failing to send to Plaintiff the proper disclosures required by this subsection within five (5) days of Defendant's

initial communication with Plaintiff on December 31, 2015 because such letter was not sent by Defendant until January 6, 2016;

e. Defendant violated § 1692g(a)(3) of the FDCPA by continuing to assume the validity of the alleged debt when it should not have after Plaintiff orally disputed the validity of the alleged debt during the above-referenced December 31, 2015 telephone conversation—Defendant failed to address Plaintiff's dispute of the debt's validity until receiving Plaintiff's additional written dispute on January 8, 2016.  *See also Clark v. Absolute Collection Serv., Inc.*, 741 F.3d 487, 490 (4th Cir. 2014);

f. Defendant further violated § 1692g(a)(3) of the FDCPA by ignoring Plaintiff's oral dispute of the validity of the alleged debt and informed Plaintiff erroneously that Plaintiff must dispute the debt's validity in writing.  *See also Clark v. Absolute Collection Serv., Inc.*, 741 F.3d 487, 490 (4th Cir. 2014);

g. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication during the time period prescribed in § 1692g(b) that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when Defendant refused to acknowledge Plaintiff's oral dispute of the validity of the alleged debt and then began calling Plaintiff's father in an attempt to collect the disputed debt; and

h. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in each of the foregoing violations.

30. Defendant's acts as described above were done intentionally and with the purpose of

coercing Plaintiff to pay the alleged debt.

31. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, JASON THOMES, respectfully requests judgment be entered against Defendant, ACCESS RECEIVABLES MANAGEMENT, INC., for the following:

32. Actual damages, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

33. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

34. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

35. Any other relief this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

December 27, 2016          By:     /s/ Michael A. Siddons
                                   Michael A. Siddons
                                   Attorney #89018
                                   The Law Firm of Michael Alan Siddons, Esquire
                                   230 N. Monroe Street
                                   PO Box 403
                                   Media, PA 19063
                                   Tel: 410-705-0970
                                   msiddons@siddonslaw.com
                                   Attorney for Plaintiff